2012 OK JUD ETH 1

**JUDICIAL ETHICS OPINION 2012–1.**

**No. 2012–1.**

Oklahoma Judicial Ethics Advisory Panel.

April 17, 2012.

JUDICIAL ETHICS ADVISORY PANEL

¶ 1 Question: May a judge participate in a "Court School" program designed to help children, in a mock court scenario, to get more comfortable in preparing to testify in court in child abuse cases in which they were the alleged victim?

¶ 2 Facts: One of the programs of a Child Abuse Network is to conduct "Court School" designed to reduce a child's stress and anxiety before the child must appear at a hearing, the object being to improve the credibility of the witness and competence as a witness, according to information generated by the local District Attorney's Office. The release states that this is a collaborative effort of the Child Abuse Network, District Attorney's Office and the County Bar Association. The judge posing the question states that the Executive Director of the County Bar Association advised that he is unaware of any present involvement of the County Bar with the program. The website of the District Attorney's Office states "Court School is needing voluntary judges. Court School is put on by the Victim Witness Center. It is a mock court scenario to help kids get used to a courtroom before their court dates. Court School meets from 6–7. The dates volunteers are needed for the year are attached. Please let me know if you are able to help on any of these dates. Thank you." This communication was sent to the judges of the county.

¶ 3 Answer: Such participation is prohibited by the Oklahoma Code of Judicial Conduct.

¶ 4 Discussion: Canon 1, Rule 1.2 of the Oklahoma Code of Judicial Conduct, the subject of which is "Promoting Confidence in the Judiciary" states: "A judge shall act at all times in a manner to promote public confidence in the independence, integrity and impartiality of the Judiciary, and avoid impropriety and the appearance of impropriety". Comment 21 states: "A judge should expect to be the subject of public scrutiny that might be viewed as burdensome if applied to other citizens, and must accept the restrictions imposed by the Code." Comment 3 states: "Conduct that compromises the *independence, integrity and impartiality* of a judge undermines confidence in the judiciary …" It would be impossible for a judge to assist one party in preparing for trial and maintain any semblance of impartiality or appearance thereof no matter how laudable the endeavor might otherwise be. The fact that "child abuse" is among the most heinous of crimes does not alter the duty of the judiciary to protect the basic assumption of innocence of one charged with such offense and act as an impartial arbitrator. Our system of justice, both civil and criminal, is inherently tied to the separation of powers among the legislative, administrative and judicial branches of the government under our State and National Constitutions.

¶ 5 A judge acts on behalf of the judicial system and the system must maintain independence and impartiality. That the judge participating in such a program would not participate as a judge in the individual case does not alter the reality or perception created.

¶ 6 Because of the unique position a judge holds in our constitutional system of government, this is but another example of a judge

being prohibited from participating in a project of undoubted merit, just as a judge is prohibited from fund raising for good and worthwhile projects, or being prohibited from exercising civic responsibility to engage in political activities.

/s/ Milton C. Craig, Chairman

/s/ Robert E. Lavender, Vice–Chairman

/s/ Vicki L. Robertson, Secretary